IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RONNIE D. GOLDEN, #742453 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-03-015 |
| | § | |
| RICK PERRY | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Ronnie Golden, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having considered Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438

(5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

In this case, Plaintiff seeks a preliminary injunction requiring the State of Texas to relieve all inmates who practice the Shia Muslim religion from working in accordance with TDCJ-ID directives. Plaintiff explains that he does not object to work, *per se*; rather, he objects to being forced to work "when work is improperly directed." Plaintiff seeks an injunction allowing him and other members of his religion to work at jobs of their choice and at times of their choosing that would be most conducive to maintaining inner peace. Plaintiff maintains that being forced to perform labor as a prisoner that is not part of his "being" is violative of his religion and exposes him to a potential for substantial risk of mental duress and loss of inner peace.

In the first instance, this cause of action has not been certified for class treatment and Plaintiff has not been designated class representative. Therefore, this cause will be treated as individual claims brought by Plaintiff alleging violation of his constitutional right to freely exercise his religion.

Plaintiff seeks a preliminary and/or permanent injunction that would remove government requirements regarding work policy that allegedly violates his religious freedom.  In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court set the standard for evaluating prisoner challenges under the First Amendment's free exercise clause.  Several factors were held relevant to determining the reasonableness of the regulation.  They are (1) whether there is a valid rational connection between the prison regulation and the legitimate governmental interest put forth to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; and, (3) the impact that accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally.  When accommodation of asserted rights will have a significant ripple effect on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials.  The fourth factor is the absence of ready alternatives that fully accommodate the prisoners rights at *de minimis* cost to valid penological interests.  The Court specifically declined to apply a standard of heightened scrutiny.  Instead, the inquiry is whether a prison regulation that burdens fundamental rights is reasonably related to legitimate penological objectives.  It should be noted that the Court did not hold any

3

single factor to be dispositive, nor did it require all four factors to be met. *See Scott v. Mississippi Dept. of Corrections*, 961 F.2d 77 (5th Cir. 1992).

In *O'Lone v. Shabazz*, 482 U.S. 342 (1987), Islamic inmates contended that prison policies prevented them from attending Jumu'ah, a Muslim service held on Friday afternoons. The prison policies required some inmates to work outside the buildings in which Jumu'ah was held and prohibited them from returning to the building during the day to attend the services. The Court did not minimize the central importance of Jumu'ah to the inmates' religious beliefs, but declined to hold that officials are required by the constitution to sacrifice legitimate penological objectives to accommodate the practice. The Supreme Court added that it was not "convinced that heightened scrutiny is appropriate whenever regulations effectively prohibit, rather than simply limit, a particular exercise of constitutional rights."

After considering the practices of TDCJ, in light of the foregoing standards, this Court is of the opinion that Plaintiff is not entitled to the injunctive relief which he seeks. It would be virtually impossible to allocate staff and maintain security and order, given the extremely large number of religious faiths and their various idiosyncracies, the number of inmates and the large geographical expanse of TDCJ, if work requirements were allowed to

vary for religious reasons. The TDCJ work requirements are reasonable in light of the legitimate penological objectives.

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that Plaintiff's Motion for Preliminary Injunction be **DENIED** and that this case be **DISMISSED** as frivolous and for failure to state a claim for which relief is available.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff. The Plaintiff shall have until **May 31, 2005,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the   12th   day of May, 2005.

_____
John R. Froeschner
United States Magistrate Judge